Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

**FILED**

3:07 pm, 9/29/22

**Margaret Botkins
Clerk of Court**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF WYOMING

| | |
|---|---|
| Madeline A. Wright, formerly known as Madeline A. Carson, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. 22-CV-_213-F_____ |
| Devon Energy Production Company, L.P., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### PLAINTIFF'S CLASS ACTION COMPLAINT
### & DEMAND FOR JURY TRIAL

Plaintiff Madeline A. Wright, formerly known as Madeline A. Carson, ("Plaintiff"), for herself and all others similarly situated, files this Class Action Complaint against Devon Energy Production Company, L.P. ("Devon" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

### SUMMARY

1.      This class action concerns Devon's ongoing violation of Wyoming law related to the interest owed on untimely payments of proceeds derived from the sale of oil-and-gas production to those legally entitled to the proceeds.

2.      Wyoming statute requires operators like Devon to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month following the date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3.      "In instances where payment cannot be made for any reason" within these timelines, operators like Devon must "deposit all proceeds credited to the eventual interest owner to an escrow account in a federally insured bank or savings and loan institution in Wyoming…." *Id.* § 30-5-302. When operators like Devon fail to timely place proceeds in escrow, that failure makes "them liable for interest pursuant to the statute," regardless of reason why the proceeds were escrowed. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

4.      When an operator fails to timely pay or escrow within those statutory timelines, Wyoming law requires that the operator pay owners interest at the rate of eighteen percent (18%) per annum.

5.      Devon has not automatically paid interest on proceeds paid beyond the timelines in the Wyoming Royalty Payment Act.

6.      Plaintiff brings this class action to recover damages for herself and all similarly situated owners who received untimely payments from Devon, or whose proceeds were sent to escrow by Devon, and whose payments or escrowed proceeds did not include the 18% interest required by Wyoming law.

## PARTIES

7.      Plaintiff Madeline A. Wright, formerly known as Madeline A. Carson, is a resident of the State of Arizona.

2

8.      Devon is an Oklahoma limited partnership with its principal place of business located in Oklahoma City, Oklahoma.

9.      Upon information and belief, Devon operates hundreds of oil-and-gas wells in Wyoming.

10.     Devon may be served with process by serving its registered agent: CT Corporation System, 2232 Dell Range Blvd, Ste 200, Cheyenne, Wyoming 82009.

## JURISDICTION & VENUE

11.     The preceding allegations are fully incorporated by reference.

12.     This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendants are citizens of different states.

13.     This Court has personal jurisdiction over Devon because it has minimum contacts with this district related to the claims in this case.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred within this district.

## STATUTORY BACKGROUND
## THE WYOMING ROYALTY PAYMENT ACT

15.     The preceding allegations are fully incorporated by reference.

16.     Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

17.     Like other top-producing states, Wyoming has enacted legislation concerning when oil-and-gas proceeds must be paid and outlining the consequences when those statutory timeframes aren't satisfied.

18.    These legislative schemes were enacted in reaction to the abusive practices of oil-and-gas operators like Devon, who "routinely suspended royalties and delayed payment for many months or even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: the Use and Abuse of Oil and Gas Suspense Accounts*, 3 Okla. City U.L. Rev. 1, 18 (2006).

19.    Wyoming addressed this issue through the Wyoming Royalty Payment Act ("WRPA"), which imposes strict timeframes for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold**....

WYO. STAT. § 30-5-301(a) (emphasis added).

20.    "In instances where payment cannot be made for any reason," payors must send those proceeds to an escrow account. WYO. STAT. § 30-5-302. The same timelines in Section 30-5-301(a) apply to the escrow requirement of Section 305-302, and when payors fail to timely escrow proceeds, that failure makes "them liable for interest pursuant to the statute." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

21.    When an operator fails to meet the statutory timeframes, the WRPA guides:

> **Any lessee or operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

4

*Id.* § 30-5-303(a) (emphasis added).

22.    Stated differently, when an operator like Devon fails to pay proceeds or fails to escrow within six months after the first day of the month following the date of first sales, the operator owes 18% interest per annum on the late payment. And, for production subsequent to first sales, operators must pay 18% interest per annum on direct or escrow payments of proceeds made sixty days after the date of production.

23.    The WRPA contains no notice or demand requirement before an owner is entitled to statutory interest.

24.    In fact, the WRPA "is perhaps the strongest of the 'no excuses' Acts" passed by other top-producing states. Si M. Bondurant, *To Have and to Hold: the Use and Abuse of Oil and Gas Suspense Accounts*, 3 Okla. City U.L. Rev. 1, 20 (2006).

25.    As the Wyoming Supreme Court has explained, the WRPA "is a remedial statute…to be liberally construed." *Moncrief*, 816 P.2d at 105. In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id.* (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d 1106, 1110 (Wyo. 1986)). When it comes to liability under the WRPA, "Equity is not a factor for consideration because **there are no exceptions** in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992) (emphasis added).

## FACTUAL ALLEGATIONS

*Devon's Late Payment without Interest to Plaintiff*

26.    The preceding allegations are fully incorporated by reference.

27.     Plaintiff owns interests in oil and gas produced from the Wright Fed 05-084372-1XPH Well, which is located in Campbell County, Wyoming.

28.     Devon operates the Wright Fed 05-084372-1XPH Well.

29.     Devon remits proceeds to Plaintiff for her interest in the Wright Fed 05-084372-1XPH Well.

30.     Devon failed to pay Plaintiff the proceeds to which she is entitled within six (6) months after the first day of the month following the date of first sales of oil or gas from the Wright Fed 05-084372-1XPH Well.

31.     For example, for oil and gas produced from the Wright Fed 05-084372-1XPH Well in January 2015, Devon didn't remit proceeds to Plaintiff until April 2016:

32.     When Devon paid January 2015 proceeds to Plaintiff in April 2016, it did not include interest.

## CLASS ACTION ALLEGATIONS

33.     The preceding allegations are fully incorporated by reference.

34.     Plaintiff brings this action on behalf of herself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who:
>
> (1) received payments from Devon for proceeds of Wyoming oil or gas production, or whose proceeds for Wyoming oil or gas production were sent to escrow by Devon, later than six months after the first day of the month following the date of first sale or later than sixty days after the end of the calendar month within which subsequent production was sold; and
>
> (2) such payments or escrowed amounts did not include 18% interest.

6

Excluded from the Class are: (1) Devon, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

35.     Upon information and belief, there are hundreds, if not thousands, of absent Class members entitled to interest on late payments made by Devon.

36.     Devon operates at least several hundred wells in Wyoming, and each well typically has one dozen owners

37.     The Class is so numerous that joinder of all members is impracticable.

38.     The questions of fact and law common to the Class include:

a.     Whether Plaintiff and the Class own legal interests in the Wyoming acreages for which Devon has an obligation to pay proceeds derived from the sale of oil-and-gas production;

b.     Whether, under Wyoming law, Devon owed interest to Plaintiff and the Class on any untimely payments or escrow of proceeds derived from the sale of oil-and-gas production;

c.     Whether Devon's failure to pay interest to Plaintiff and the Class on any untimely payments or escrowed proceeds constitutes a violation of Wyoming statute; and

d.     Whether Devon is obligated to pay interest on future untimely payments or escrowed proceeds.

39.     Plaintiff's claims are typical of the Class because each Class member's claims are identical.

40.     Devon treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments or escrowed proceeds.

41.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

42.     The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a.  The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

    b.  To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment or escrow of proceeds derived from the sale of oil and gas production as required by Wyoming law;

    c.  All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

    d.  The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

    e.  Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Devon, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Devon.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

44.     The preceding allegations are incorporated by reference.

8

45.     Plaintiff brings this cause of action on behalf of herself and the Class.

46.     Plaintiff and the Class were legally entitled to the payments of proceeds derived from the sale of oil and gas production from Devon for production from wells operated by Devon in Wyoming.

47.     WYO. STAT. § 30-5-301(a) requires Devon to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas, and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold. And if Devon is unable to make those payment timelines for any reason, Devon must timely escrow those proceeds.

48.     When Devon fails to pay owners or escrow within such time frame, WYO. STAT. § 30-5-303(a) requires Devon to pay owners 18% interest per annum when the payment or escrow is eventually made.

49.     Devon held proceeds belonging to Plaintiff and the Class, and Devon failed to timely pay or escrow proceeds for Plaintiff and the Class.

50.     When Devon eventually paid or escrowed these proceeds, it did not pay the 18% interest per annum required by Wyoming statute.

51.     Devon's failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## DEMAND FOR JURY TRIAL

52.     Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1.  An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2.  An order requiring Devon to pay Plaintiff and the Class members damages for Devon's breaches and unlawful conduct to the full extent permitted by law;

3.  An order requiring Devon to pay interest in the future, as required by law, to Plaintiff and the Class;

4.  An order requiring Devon to pay the Class's attorney fees and litigation costs as provided by statute; and

5.  Such costs and other relief as this Court deems appropriate.


Respectfully Submitted,

9-29-22

Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

–and–

Reagan E. Bradford, OBA #22072*
Ryan K. Wilson, OBA #33306*
*pro hac vice forthcoming
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com