

FILED

10:16 am, 8/9/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| Madeline A. Wright, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Devon Energy Production Company, L.P.,<br><br>Defendant. | Civil Action No. 22-CV-213-KHR |

### ORDER AWARDING PLAINTIFF'S ATTORNEYS' FEES, LITIGATION EXPENSES, ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS, AND CASE CONTRIBUTION AWARD

Before the Court is the Motion for Approval of Plaintiff's Attorneys' Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Award and Brief in Support (Docs. 38–39) (the "Motion"). The Court has considered the Motion, all matters and evidence submitted in connection with the Motion, and the proceedings at the Final Fairness Hearing. As set forth more fully below, the Court finds the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement (Doc. 31-1) and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order Granting Final Approval of Settlement as if fully set forth herein.

3. The Notice stated that Class Counsel would seek fees up to 40% of the Gross Settlement Fund. Doc. 31-1 at 74, 77. The Notice also stated that Class Counsel would seek Litigation Expenses and Administration, Notice, and Distribution Costs of approximately $350,000.00. The Notice further

stated that Class Representative would seek a Case Contribution Award in the amount of 2% of the Gross Settlement Fund. *Id.* Notice of the requests in the Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the requests is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, the Federal Rules of Civil Procedure, and due process.

4. Class Counsel provided the Court with evidence in support of the requests. This evidence was submitted before the objection deadline, and none of the evidence was objected to or otherwise refuted by any Class Member.

5. Class Counsel is hereby awarded Plaintiffs' Attorneys' Fees in the amount of 40% of the Gross Settlement Fund. In making this award, the Court makes the following findings of fact and conclusions of law:

   a. The Settlement has created a fund of $11 million in up-front cash for payment to the Settlement Class as well as Future Benefits valued at $6.8 million, for a Gross Settlement Value of $17.8 million. When valuing this total economic benefit, the fee request represents ~24.72% of the Gross Settlement Value. Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel.

   b. The Parties contractually agreed that the Settlement Agreement shall be governed solely by federal common law, including the right to and reasonableness of attorneys' fees and reimbursement of expenses.

   c. This Court has enforced similar language in a class action settlement. *See, e.g., Wake Energy, LLC v. EOG Res., Inc.*, 20-CV-183-ABJ, Doc. 88 at 3 (D. Wyo. Oct. 17, 2022) ("The Parties contractually agreed that the Settlement Agreement shall be governed

        solely by federal common law, including the right to and reasonableness of attorneys' fees and reimbursement of expenses. This choice of law provision should be and is hereby enforced.").

d.    Federal Rule of Civil Procedure 23(h) states "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." An award of attorneys' fees is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and the services provided. *Brown v. Phillips Petroleum Co.*, 838 F.2d 453 (10th Cir. 1988). Such an award will only be reversed for abuse of discretion. *Id.* Here, the requested fees are specifically authorized by law, federal common law, which is specifically authorized by an express agreement of the parties. *See* Doc. 31-1 at 41, ¶ 11.8. Under the Parties' chosen law (federal common law), district courts have discretion to apply either the percentage of the fund method or the lodestar method—but, in the Tenth Circuit, the percentage of the fund method is preferred. *Brown*, 838 F.2d at 454. Further, in the Tenth Circuit, in a percentage of the fund recovery case such as this, where federal common law is used to determine the reasonableness of the attorneys' fee under Rule 23(h), neither a lodestar nor a lodestar cross check is required. *Id.*

e.    This Court has acknowledged the Tenth Circuit's preference for the percentage method and declined application of a lodestar analysis or lodestar cross check. *See Wake Energy*, 20-CV-183-ABJ, Doc. 84 at 4 (D. Wyo. Oct. 17, 2022) ("[I]n the Tenth Circuit, in a percentage of the fund recovery case such as this, where federal common law is used to determine the reasonableness of the attorneys' fee under Rule 23(h), neither a lodestar nor a lodestar cross check is required.").

    f.      The percentage methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class. *See Brown*, 838 F.2d at 454. When determining attorneys' fees under this method, the Tenth Circuit evaluates the reasonableness of the requested fee by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Brown*, 838 F.2d at 454–55. Not all of the factors apply in every case, and some deserve more weight than others depending on the facts at issue. *Id.* at 456. Based upon that analysis, the applicable law, and the evidence submitted to the Court, the Court finds that the requested fee is reasonable.

    g.      The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

    h.      The Court finds that the eighth *Johnson* factor—the amount involved in the case and the results obtained—weighs in support of the requested fee. *See Brown*, 838 F.2d at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); Fed. R. Civ. P. 23(h), adv. comm. note (explaining for a "percentage" or contingency-based approach to class action fee awards, "results achieved is the basic starting point").

i. Here, the evidence shows that, under the results obtained factor, the fee request is fair and reasonable under the circumstances. The cash settlement of $11 million represents a substantial recovery and appears to be among the largest late-payment class action settlements in Wyoming history. There are also Future Benefits for Class Members valued at $6.8 million. Accordingly, the "results obtained" factor supports the requested fee award.

j. The Court finds the other *Johnson* factors also support and weigh in favor of the fee request. First, the Court finds the evidence of the time and labor involved weighs in favor of the fee request. The time and labor Class Counsel have expended in the research, investigation, prosecution, and resolution of this matter is set forth in detail in the Joint Class Counsel Declaration (Doc. 28-4). In summary, this evidence establishes that Class Counsel investigated and analyzed the Class Members' claims and conducted significant work, reviewing documents and a large amount of electronically produced data, including revenue payment history. Class Counsel spent significant time working with accounting experts in the prosecution and evaluation of the Class Members' claims and engaged in a negotiation process to obtain the Settlement. The process necessary to achieve this Settlement required months of negotiations and extensive consultation with experts to evaluate and analyze damages.

k. Second, the Court finds that the evidence regarding the novelty and difficulty of the questions presented in this action weighs in favor of the fee request. Class actions are known to be complex and vigorously contested. The legal and factual issues litigated in this case involved complex and highly technical issues. The successful prosecution and resolution of the Settlement Class's claims required Class Counsel to work with various experts to analyze complex data to support their legal theories and evaluate the amount

of alleged damages. The Court finds the fact that Class Counsel litigated such difficult issues against the vigorous opposition of highly skilled defense counsel and obtained a significant recovery for the Settlement Class further supports the fee request in this case. The immediacy and certainty of this recovery, when considered against the very real risks of continuing to a difficult trial and possible appeal, weigh in favor of the fee request.

l. The Court finds that the third and ninth *Johnson* factors—the skill required to perform the legal services and the experience, reputation, and ability of the attorneys—supports the fee request. The Court finds the Declarations and other undisputed evidence submitted demonstrate that this matter called for Class Counsel's considerable skill and experience in oil-and-gas and complex class action litigation to bring it to a successful conclusion, requiring investigation and mastery of complex facts and data. The Court finds that Class Counsel possess the type of experience, reputation, and ability that supports the fee request.

m. The Court finds that the evidence regarding the fourth and seventh *Johnson* factors—the preclusion of other employment by Class Counsel and time limitations imposed by the client or circumstances—weighs in favor of the fee request (preclusion of employment) or are neutral (time limitations imposed by the client). The Declarations and other undisputed evidence demonstrate that Class Counsel necessarily were hindered in their work on other cases due to their dedication of time and effort to the prosecution of this matter. This case has required the devotion of significant time, energy, and resources from Class Counsel.

n. The Court finds the evidence regarding the fifth *Johnson* factor—the customary fee and awards in similar cases—further weighs in favor of the fee request. Class Counsel and

      Class Representatives negotiated and agreed to prosecute this case based on a contingent fee up to 40%, which is consistent with the market rate. *See, e.g., Wake Energy*, 20-CV-183-ABJ, Doc. 84 at 7 (D. Wyo. Oct. 17, 2022) ("Class Counsel and Class Representative negotiated and agreed to prosecute this case based on a contingent fee up to 40%. The Court finds this fee is consistent with the market rate and is in the range of the 'customary fee' in class actions."). In the context of the Gross Settlement Value of $17.8 million, the requested fee equates to ~24.72% of the total economic benefit of the Settlement.

o.   The Court finds the sixth *Johnson* factor—the contingent nature of the fee—also supports the fee request. Class Counsel undertook this matter on a purely contingent fee basis (with the amount of any fee being subject to Court approval), assuming a risk that the matter would yield no recovery and leave them uncompensated. Courts consistently recognize that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. Simply put, it would not have been economically prudent or feasible if Class Counsel were to pursue the case under any prospect that the Court would award a fee on the basis of hourly rates.

p.   The Court finds the evidence shows that the tenth *Johnson* factor—the undesirability of the case—weighs in favor of the fee request. Compared to most civil litigation, this matter fits the "undesirable" test and no other firms or plaintiffs have asserted these claims against Defendant. Few law firms risk investing the time, trouble, and expenses necessary to prosecute this matter. The investment by Class Counsel of their time, money, and effort, coupled with the attendant potential of no recovery and loss of all the time and expenses advanced by Class Counsel, rendered the matter sufficiently undesirable so as to preclude most law firms from taking a case of this nature.

  q. The Court finds the eleventh *Johnson* factor—the nature and length of the professional relationship with the client—also supports the fee request. Class Representative was actively involved in the matter throughout its course. Accordingly, the Court finds this factor supports Class Counsel's fee request.

  r. In summary, upon consideration of the evidence, pleadings on file, arguments of the parties, and the applicable law, the Court finds that the *Johnson* factors under federal common law weigh in favor of the fee request and that the fee request is fair and reasonable and should be and is hereby approved.

6. With respect to the request for Litigation Expenses and Administration, Notice, and Distribution Costs, the Court awards: 1) Litigation Expenses in the amount of $220,760.23; 2) Administration, Notice, and Distribution Costs of $24,078.84; and 3) a reserve of a reserve of up to $105,160.93 for future Litigation Expenses and Administration, Notice, and Distribution Costs, subject to Court approval upon motion of Class Representative. In making these awards, the Court makes the following findings of fact and conclusions of law:

  a. The prior findings of fact and conclusions of law are incorporated herein by reference.

  b. Class Counsel provided the Court with evidence in support of the requests for reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs. *See* Doc. 37-4. This evidence was submitted to the Court before the objection deadline, and none of the evidence was objected to or otherwise refuted by any Class Members.

  c. Applying federal common law, Rule 23(h) of the Federal Rules of Civil Procedure allows courts to reimburse counsel for "non-taxable costs that are authorized by law. Fed. R. Civ. P. 23(h). To this end, district courts have noted, "[a]s with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee

percentage." *Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000).

d. The Court finds that the Litigation Expenses were reasonably and necessarily incurred by Class Counsel and are directly related to their prosecution and resolution of the Litigation.

e. Therefore, Class Counsel is awarded Litigation Expenses in the amount of $220,760.23.

f. Class Counsel's request for approval of Administration, Notice, and Distribution Costs associated with effectuating the Settlement were also reasonably and necessarily incurred and are directly related to the administration of the Settlement.

g. Therefore, the Court awards Administration, Notice, and Distribution Costs in the amount of $24,078.84.

h. Class Counsel has also provided evidence that they anticipate $105,160.93 for future Litigation Expenses and Administration, Notice, and Distribution Costs. The Court further approves a reserve from the Gross Settlement Fund of $105,160.93 for such future expenses, subject to approval by the Court upon motion of Class Representative.

7. With respect to the request for a Case Contribution Award, the Court awards Class Representative a Case Contribution Award of 2% of the Gross Settlement Fund, which is ~1.24% of the Gross Settlement Value of $17.8 million. In making this award, the Court makes the following findings of fact and conclusions of law:

a. The prior findings of fact and conclusions of law are incorporated herein by reference.

b. Class Representative provided the Court with evidence in support of the request for a Case Contribution Award. This evidence was submitted to the Court before the objection deadline, and none of the evidence was objected to or otherwise refuted by any Class Members.

c. Federal courts regularly give incentive awards to compensate named plaintiffs. *See, e.g., UFCW Local 880-Retail Food v. Newmont Mining Corp.*, 352 Fed. App'x 232, 235 (10th Cir. 2009) ("Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives…Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class.") (cleaned up).

d. The services for which incentive awards are given typically include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." Newberg § 17:3. The award should be proportional to the contribution of the plaintiff. *Id.* § 17:18.

e. Class Representative seeks an award of 2% of the Gross Settlement Fund, which is ~1.24% of the Gross Settlement Value of $17.8 million, based on the demonstrated risk and burden as well as compensation for time and effort. The request for an award of 2% is consistent with awards entered in similar cases. *See, e.g., Wake Energy*, 20-CV-183-ABJ, Doc. 84 at 11 (D. Wyo. Oct. 17, 2022) ("The [1.5%] request is consistent [with] or below awards entered in similar cases."); *Harris v. Chevron U.S.A., Inc., et al.*, No. 19-CV-355-SPS (E.D. Okla. Feb. 27, 2020), Doc. 40 at 17 (The class representative's "request for an award of two percent is consistent with awards entered by Oklahoma state and federal courts, as well as federal courts across the country.")

a. Because Class Representative has dedicated time, attention, and resources to this matter and to the recovery on behalf of the Settlement Class from Defendant, the Court finds Class Representative is entitled to a Case Contribution Award to reflect the important role played in representing the interests of the Settlement Class and in achieving the

substantial result reflected in the Settlement. The Court finds Class Representative's request to be fair and reasonable and supported by the evidence and is therefore approved.

8. **Finality of this Order.** Any appeal or any challenge affecting this Order shall not disturb or affect the finality of the Judgment or the Settlement.

9. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

10. There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

11. The Escrow Agent and Settlement Administrator are authorized and ordered to distribute the amounts awarded herein to the persons entitled thereto in accordance with the timelines provided in the Settlement Agreement and in accordance with payment instructions provided by Class Counsel.

12. If any Class Member appeals this Order, such Class Member is hereby ordered, pursuant to the Settlement Agreement (Doc. 31-1) at 35–36, ¶ 10.4, to which no objection was made, to post a cash bond in an amount to be set by the Court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Settlement Class caused by the delay, at a rate not less than two percent (2%) per annum.

IT IS SO ORDERED this 9th day of August, 2024

_____
HONORABLE KELLY H. RANKIN
UNITED STATES DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| Madeline A. Wright, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Devon Energy Production Company, L.P.,<br><br>Defendant. | Civil Action No. 22-CV-213-KHR |

### INITIAL PLAN OF ALLOCATION ORDER

This Initial Plan of Allocation Order sets forth the manner in which the Net Settlement Fund will be administered and distributed to Class Members. The Net Settlement Fund for distribution will be allocated to each Class Member based on the factors and considerations set forth in the Initial Plan of Allocation (Doc. 37-6) and the Settlement Agreement (Doc. 31-1).

### INITIAL PLAN OF ALLOCATION

The Net Settlement Fund for distribution will be allocated among individual Class Members based upon the factors set forth in Settlement Agreement (Doc. 31-1) and approved by the Court. Pursuant to the Settlement Agreement, the Initial Plan of Allocation reduces the amount available for distribution for estimates of Plaintiff's Attorneys' Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Award, which amounts were ultimately determined by the Court at the Final Fairness Hearing and which will be implemented in the Final Plan of Allocation.

The Court reserves the right to modify this Initial Plan of Allocation Order without further notice to any Class Members who have not entered an appearance. The allocation of the Net

Settlement Fund among Class Members and the Allocation Methodology is a matter separate and apart from the proposed Settlement between Class Members and Defendant, and any decision by the Court concerning allocation and distribution of the Net Settlement Fund among Class Members shall not affect the validity or finality of the Settlement or operate to terminate or cancel the Settlement.

## TIME FOR ALLOCATION AND DISTRIBUTION

The allocation and distribution of the Net Settlement Fund for distribution shall be under the direct supervision of the Court and shall be consistent with the Final Plan of Allocation submitted by Class Counsel and approved by the Court. Furthermore, the timing, manner, and process for any distributions shall be consistent with the timing and process provided for in the Settlement Agreement (Doc. 31-1), which is incorporated herein by reference.

IT IS SO ORDERED this 9th day of August, 2024.

_____
HONORABLE KELLY H. RANKIN
UNITED STATES DISTRICT JUDGE